UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEBORAH J. STEWART,

        Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of the Social Security
Administration,

        Defendant.

CAUSE NO. 3:19-CV-492 DRL

## ORDER & OPINION

Deborah Jean Stewart appeals from the Social Security Commissioner's final judgment denying her disability insurance. Ms. Stewart requests remand of her claim for further consideration. Having reviewed the underlying record and the parties' arguments, the court grants Ms. Stewart's request for remand and remands the Commissioner's decision.

## BACKGROUND

Ms. Stewart suffers from a variety of physical and mental health impairments. Ms. Steward completed the ninth grade, but she has her GED and has past relevant work as a candy hand packager, an asphalt tester, and an administrative clerk [R. 32]. Ms. Stewart's mental impairments include depression, mild neurocognitive disorder, obsessive compulsive disorder, and generalized anxiety disorder [R. 19]. Ms. Stewart suffers from the physical impairments of migraines, peptic ulcer disease/gastritis, status post right shoulder surgery, osteoarthritis of the right and left knees, minimal left shoulder acromioclavicular degeneration, cervical spine degenerative disc disease, right hip tendinopathy, lumbar spine degenerative disc disease, history of colon cancer, vertigo, and chronic obstructive pulmonary disorder [*Id.*].

Ms. Stewart filed a Title II application for benefits on November 2, 2015, which was denied initially on January 13, 2016, and again upon reconsideration on July 8, 2016 [R 16]. Her claims were heard by an Administrative Law Judge (ALJ) on February 13, 2018 [*Id.*]. In a July 3, 2018 decision, the ALJ denied Ms. Stewart's petition on the basis that she could not show that she was disabled as defined by the Social Security Act [R. 13].

The ALJ came to this conclusion relying in part on the opinions of the state consultants [R. 29]. The ALJ found that Ms. Stewart had the residual functional capacity (RFC) to perform light exertional work as defined in 20 C.F.R. 404.1567(b) as she is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, and sit, stand and/or walk for six hours in an eight hour workday with the following limitations: she cannot climb ladders ropes, or scaffolds; she can occasionally climb ramps and stairs; she can occasionally balance, stoop, kneel, crouch, and crawl. She can reach overhead on no more than an occasional basis. She can reach bilaterally on no more than a frequent basis. She cannot have exposure to wetness, extreme cold, or extreme heat. Ms. Stewart must work in no more than a moderate noise intensity level per the SCO. She can have no exposure to moving mechanical parts or unprotected heights. She can have no more than occasional exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas. She cannot work outside or involving task-specific lighting. She can perform no more than simple, routine, and repetitive tasks. Ms. Stewart can perform work that does not involve production rate pace and quotas but should rely more on end-of-day goals being satisfied. Ms. Stewart can have no interaction with the public and up to occasional interaction with coworkers and supervisors. [R. 22]. While the ALJ found that Ms. Stewart's RFC prevented her from performing her past relevant work, the ALJ found that she could perform a significant number of jobs in the national economy [R. 33]. This decision became final when the Appeals Council denied Ms. Stewart's request for review [R. 1].

STANDARD

The court has authority to review the Council's decision under 42 U.S.C. § 405(g); however, review is bound by a strict standard. Because the Council denied review, the court evaluates the ALJ's decision as the Commissioner's final word. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The ALJ's findings, if supported by substantial evidence, are conclusive and nonreviewable. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is that evidence which "a reasonable mind might accept as adequate to support a conclusions," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and may well be less than a preponderance of the evidence, *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). If the ALJ has relied on reasonable evidence and built an "accurate and logical bridge from the evidence to conclusion," the decision must stand. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Even if "reasonable minds could differ" concerning the ALJ's decision, the court must affirm if the decision has adequate support. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

DISCUSSION

When considering a claimant's eligibility for disability benefits, an ALJ must apply the standard five-step analysis: (1) is the claimant currently employed; (2) is the claimant's impairment or combination of impairments severe; (3) do her impairments meet or exceed any of the specific impairments listed that the Secretary acknowledges to be so severe as to be conclusively disabling; (4) if the impairment has not been listed as conclusively disabling, given the claimant's residual function capacity, is the claimant unable to perform her former occupation; (5) is the claimant unable to perform any other work in the national economy given her age, education, and work experience. 20 C.F.R. § 404.1520; *Young v. Secretary of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). The claimant bears the burden of proof until step five, where the burden shifts to the Commissioner to prove that the claimant can perform other work in the economy. *See Young*, 957 F.2d at 389.

Ms. Stewart appears to challenge the ALJ's conclusions that she is not totally disabled. She makes two arguments for error. She says (1) the ALJ erred in weighing medical opinion evidence; and (2) the ALJ erred in analyzing Ms. Stewart's subjective symptoms.

An ALJ must weigh all medical opinion evidence using a "checklist of factors" found in 20 C.F.R. § 404.1527(c). *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). Those factors include: (1) the examining relationship; (2) the treatment relationship (including the length of treatment and frequency of examination and the nature and extent of the treatment relationship), (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; (5) the treating physician's specialization; and (6) other factors which either support or contradict the medical opinion. 20 C.F.R. § 404.1527(c). The ALJ must discuss each medical opinion and the weight given to each opinion if the court is to provide meaningful review. *Carlson v. Shalala,* 999 F.2d 180, 181 (7th Cir. 1993) (citations omitted). "If the ALJ were to ignore an entire line of evidence, that would fall below the minimal level of articulation required." *Id.* Ms. Stewart argues that the ALJ failed to consider multiple factors in considering the opinions of four of her treating specialists.

Ms. Stewart argues that the ALJ improperly analyzed the opinion of her treating neurosurgeon, Roman Filipowicz, M.D. Dr. Filipowicz provided a medical assessment opinion in February 2017. He opined that Ms. Stewart would be unable to stand and/or sit upright for 6-8 hours due to balance difficulties and back pain [R. 882]. He further opined that she would need to lie down during the day due to her headaches, and that she would have difficulty with ambulation along with weight bearing restrictions [R. 882]. Dr. Filipowicz further opined that Ms. Stewart could take care of herself at home, but she could not function at work [R. 883]. He also opined that she could only occasionally reach above her shoulders, reach down to the waist, reach down towards the floor, and handle objects with hands and fingers [R. 882]. She has difficulty with bending, squatting, kneeling, and turning her body [R. 883].

4

The ALJ gave this opinion little weight, finding it "inconsistent with the objective evidence and physical examination findings" [R. 30]. The ALJ noted that although Dr. Fitzpatrick opined Ms. Stewart could not sustain even sedentary work, "the claimant is actually at a light exertional level" [R. 30]. The ALJ pointed to a November 2017 physical examination note that noted Ms. Stewart had normal gait with normal muscle tone and full strength through her extremities [R. 30]. The ALJ also stated that although Ms. Stewart complained of pain in her right arm and shoulder, "the claimant can reach bilaterally on a frequent basis" since she has good movement in her right shoulder [R. 30]. The ALJ also noted that Ms. Stewart is capable of driving, performing personal care tasks, using a tablet, and doing laundry, dishes, and vacuuming [R. 30].

Ms. Stewart argues that the ALJ failed to discuss several important factors from the regulations in making this determination. First, the ALJ failed to discuss Dr. Filipowicz's specialty as Ms. Stewart's treating neurosurgeon. The regulations "generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5). The ALJ failed to acknowledge Dr. Filipowicz's specialty as Ms. Stewart's treating neurosurgeon, especially with regards to Dr. Filipowicz's opinions regarding her balance and headaches. Dr. Filipowicz's specialty would lend credibility in analyzing Ms. Stewart's ability to balance and how her headaches would impact her ability to work. The ALJ failed to address the factor of specialty. But this is not the only factor the ALJ failed to properly analyze.

The ALJ also erred in failing to discuss the supportability and consistency of Dr. Filipowicz's opinion with other opinions and evidence in the medical record. The ALJ relied on a single physical examination from November 2017, stating that she had normal gait and strength. However, the same examination note showed decreased motion in all planes of the neck, swaying with the Romberg maneuver, and slow coordination [R. 1500]. Moreover, the ALJ ignored the large amount of

5

examinations that noted either guarded or antalgic gait as opposed to the normal gate cited in the November 2017 examination note [R. 620, 1071, 1081, 1087, 1093, 1099, 1104, 1479, 1485, 1492]. The ALJ failed to consider the medical evidence that supports Dr. Filipowicz's opinion, which was error. *Hardy v. Berryhill*, 908 F.3d 309, 312 (7th Cir. 2018). The ALJ's reliance on a single treatment note, while ignoring the plethora of evidence to the contrary is impermissible cherry-picking, and this error requires remand.

The ALJ's statement that, though Dr. Fitzpatrick opined Ms. Stewart could not sustain even sedentary work, "the claimant is actually at a light exertional level" [R. 30] is made without support. The ALJ doesn't support this broad statement with any citations to the record or any logical reason as to why Ms. Stewart could sustain work at a light exertional level. The ALJ has failed to build the requisite logical bridge from the evidence to the conclusion.

The ALJ commits similar errors in the discussion of the opinions of Dr. Achufusi and Ms. Stewart's mental health specialists, Tamara Macharaschwili-Cupp, LCSW, and Jacqueline Mitchell, MSW. The ALJ failed to properly analyze these opinions using all the relevant factors, such as supportability and consistency. On remand, the ALJ should discuss all of the opinions in light of the relevant factors in 20 C.F.R. § 404.1527(c).

These errors are further compounded by the ALJ's reliance on the state agency doctors' opinions. The state agency doctors reviewed the medical record in 2016 [R. 137, 157]. Over 400 pages of the record were not included in their review, including Dr. Filipowicz's opinion, as well as a variety of treatment records that include her pain management notes and treatment notes from Ms. Stewart's treating physician and neurosurgeon [R. 881-83, 1071-1503]. An ALJ "may not 'play doctor and interpret new and potentially decisive medical evidence' without medical scrutiny." *McHenry v. Berryhill*, 911 F.f3d 866, 872 (7th Cir. 2018) (quoting *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014)); *see also Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016) (remanding where a non-examining physician had

reviewed only a small amount of the treatment records available before the claimant submitted additional evidence.); *Campbell v. Astrue*, 627 F.3d 299, 309 (7th Cir. 2010) (remanding where an ALJ relied on state agency doctors who only reviewed part of the treatment records). The ALJ erred both in the analysis of Dr. Filipowicz's opinion and in relying on the opinions of state doctors who did not have access to large portions of the medical record. This requires remand.

Ms. Stewart makes further arguments regarding the ALJ's treatment of her subjective symptoms. However, because the ALJ erred in weighing medical opinions, the court needn't address these other arguments. Proper analysis of the medical opinions may alter the rest of the decision. On remand, the ALJ should properly analyze and discuss all of the medical opinions in the record.

## CONCLUSION

The court finds that the ALJ erred in failing to properly analyze medical opinions and improperly relied on state agency physicians who did not have access to vital portions of the medical record. The court therefore GRANTS Ms. Stewart's request for remand and REMANDS the Commissioner's decision.

SO ORDERED.

April 17, 2020                                                   *s/ Damon R. Leichty*
                                                                 Judge, United States District Court